AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*October 16, 2025*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jose Francisco Garcia aka Pancho | ) ) ) | Case No. **4:25-mj-613** |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 14, 2025_____ in the county of _____Montgomery_____ in the _____Southern_____ District of _____Texas_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b) | Illegal re-entry into the United States after having previously been deported to Mexico, subsequent to having been convicted of a crime defined as a felony, without first applying for and obtaining permission from the Attorney General of the United States, or the Secretary for the Department of Homeland Security, for admission to the United States following deportation from the United States, in violation of Title 8, United States Code, Section(s) 1326(a) and (b). |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

❐ Continued on the attached sheet.

_____
*Complainant's signature*

Terry Matthias, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: _____10/16/2025_____

_____
*Judge's signature*

City and state: _____Houston, Texas_____     Christina A. Bryan, United States Magistrate Judge
*Printed name and title*

**4:25-mj-613**

## <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Terry Matthias, being duly sworn by telephone, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 24, 2007.   Prior to this assignment, I have held the following positions: Customs and Border Protection Officer and Immigration Enforcement Agent.   My law enforcement career began in July 2006, as a Customs and Border Protection Officer.   I have over 19 years of immigration law enforcement experience.

(2)   On October 14, 2025, Jose Francisco Garcia was identified as target and arrested in Montgomery County, Texas at approximately 0930 by ERO Houston Joint Operation Team #23. Subsequently, on October 14, 2025, Jose Francisco Garcia was transferred to ICE for processing. On October 15, 2025 at approximately 1300, Jose Francisco Garcia was identified as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b).   The Defendant also goes by the alias(s) Pancho.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases.   According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)   <u>Element One</u>:  The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)   <u>Element Two</u>:  The Defendant has previously been deported or removed from the United States on the following occasion(s):
      a.  05/14/2015.

(7)     Element Three:  After deportation, the Defendant was subsequently found in the United States on October 14, 2025, in Montgomery County, Texas, which is within the Houston Division Southern District of Texas.  Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph.  On October 15, 2025, LESC advised that they do not have any IAQ's after the 2015 removal.

(8)     Element Four:  The Defendant did not have permission to reenter the United States. On October 15, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)     Prior Criminal History / Gang Affiliation.  The Defendant has the following prior criminal history and/or gang affiliation:

    a.  On October 24, 2013, the Defendant, using the name of Jose Francisco Garcia was convicted in the United States District Court, Southern District of Texas, Holding Session in Laredo, TX for the felony offense of CONSPIRACY TO TRANSPORT AN UNDOCUMENTED ALIEN WITHIN THE UNITED STATES FOR PRIVATE FINANCIAL GAIN and was sentenced to 28 months confinement.

_____
Terry Matthias, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 16th day of October 2025, and I find probable cause.

_____
Hon. Christina A. Bryan
United States Magistrate Judge
Southern District of Texas