**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                       **Cr. No. H-25-602**

**JOSE FRANCISCO GARCIA**

### DEFENDANT'S POST-HEARING MEMORANDUM
### IN SUPPORT OF LEGAL ARGUMENT

COMES NOW, The Defendant, Jose Francisco Garcia ("Mr. Garcia") and files this post-hearing memorandum in support of defense counsel's legal argument. On March 9, 2026, the Honorable George C. Hanks held a hearing on Mr. Garcia's motion to compel. At the close of the hearing, the Court requested that defense counsel (1) identify the specific documents subject to the motion to compel; and (2) provide additional legal authority in support of Mr. Garcia's motion to compel. In support thereof, Mr. Garcia submits the following information:

**I.      Requested Documents and Information**

On October 14, 2025 Mr. Garcia was arrested by a joint task force, comprised of multiple officers from multiple agencies, including Immigration and Customs Enforcement (ICE), through Officer Randall Montgomery. The central issue raised in the motion to compel is that, aside from identifying Officer Montgomery and a scratch I-213, the Government has provided no information about the circumstances of Mr.

Garcia's arrest.

The Government has not disclosed why Mr. Garcia was arrested, which officers—other than Officer Montgomery—participated in the arrest, or what information established reasonable suspicion or probable cause to justify the warrantless arrest. Accordingly, Mr. Garcia respectfully requests disclosure of the following:

1.      The names of the agencies involved in the "Joint Operation Group" that arrested him;

2.      The identities of the agents or officers who participated in the arrest;

3.      All video or audio recordings of the arrest;

4.      All reports generated by the participating agencies concerning the arrest;

5.      Any communications between the arresting officers regarding the arrest, including text messages; and

6.      Any relevant memoranda or ICE policies governing warrantless arrests.

Mr. Garcia is entitled to the requested information. Fed. R. Crim. P. 16. The requested information is also necessary for the defense to evaluate the legality of the arrest and to prepare any appropriate suppression motions.

## II.     Legal Authority in Support of Mr. Garcia's Request

Mr. Garcia's motion to compel is not a speculative fishing expedition. It is undisputed that Mr. Garcia was arrested as part of a coordinated law enforcement operation involving multiple officers and agencies. *See* Scratch I-213 – Exhibit 1. Federal resources were clearly utilized in effectuating that arrest, as evidenced by the

fact that this prosecution now proceeds in federal court. The defense is simply asking the government to bring to light basic information regarding the circumstances of the arrest and the law enforcement findings that led to it.

Because the Government has not identified which federal agencies participated in the joint operation, defense counsel cannot request specific categories of documents with precision. For example, in investigations conducted by the FBI, Form FD-302 and other standardized reports are commonly used to document investigative activity and arrests.

### A. This Court has Authority to Order the Government to obtain information

Additionally, to the extent that the Government's position is that it cannot produce information because it is "unaware" of the information or has not "personally reviewed" the information held by other participating agencies, the defense respectfully requests that the Court order the Government to obtain that information from the relevant agencies and disclose it. The Government's disclosure obligation "extends to all evidence known not just to the prosecutors, but 'to the others acting on the government's behalf in the case, including the police.' " *Floyd v. Vannoy*, 894 F.3d 143, 162 (5th Cir. 2018) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)); *see generally* Fed. R. Crim. P. 16(a)(1)(E).

During the hearing, undersigned counsel indicated that one of the reasons why the defense is requesting this information is because Mr. Garcia was arrested without a

warrant. In *United States v. Quintanilla-Chavez*, 807 F. Supp 3d 641, 671 (W.D. Tex. 2025), the Western District of Texas found constitutional violations where immigration enforcement officers "evaded the requirements of the Fourth Amendment by manufacturing a felony during a *Terry* stop." The Court also found that the warrantless arrest was not justified, recognizing that the Government stopped the defendant based on a suspicion that he did not have the right paperwork to be legally present in the United States, but that the Defendant challenges his arrest on the same basis: "The Government did not have the right paperwork to arrest him —a warrant." *id.* at 666.

**B.     Mr. Garcia has a Fourth Amendment right against unreasonable seizures.**

During the hearing, counsel for the government argued that even if Mr. Garcia filed a motion to suppress, he would not be able to suppress the evidence obtained from his arrest, namely, the A-file and his identity. While Mr. Garcia concedes that this interpretation of the law is correct pursuant to *United Sates v. Roque-Villanueva*, Mr. Garcia does not seek the requested information for the purpose of excluding his A-file and identity, although he might be entitled to preserve that issue for appeal.

Mr. Garcia is seeking this information because there were additional constitutional violations during his arrest that might allow him to request a dismissal of the indictment and to suppress all evidence in light of the purpose of the exclusionary rule and the racial profiling to which he was subjected. Permitting the Government to withhold basic information regarding the circumstances of the arrest—such as which

officers participated, what agencies were involved, and what information supported probable cause—would effectively insulate the arrest from challenge and prevent any meaningful judicial review of the legality of the arrest, undermining the procedural protections guaranteed by the Fourth Amendment and the Due Process Clause. The fact that Mr. Garcia may ultimately be subject to immigration consequences does not relieve the Government of its obligation to disclose information necessary for the defense to assess the legality of the arrest.

The Fourth Amendment protects all "persons" within the United States from unreasonable searches and seizures, regardless of immigration status. *United States v. Brignoni-Ponce,* 422 U.S. 873, 878-884 (1975). But, as explained during the hearing, whether to pursue a suppression related issue is not a decision that Mr. Garcia can make yet because the government has refused to provide him with the discovery that he is entitled to receive. He motions the Court to order the government to disclose this information.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Tatiana Obando
Tatiana Obando
Assistant Federal Public Defender
Attorney-in-Charge
New York State Bar ID No. 5068671
Southern District of Texas No. 3326657
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas   77002-1056
Telephone:  713.718.4600

## CERTIFICATE OF SERVICE

I certify that on March 10, 2026, a copy of the foregoing Reply to government's response was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorney Amanda Alum.

s/ *Tatiana Obando*
Tatiana Obando