**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No. 4:25-CR-602** |
| | § | |
| **JOSE FRANCISCO GARCIA,** | § | |
| | § | |
| **Defendant.** | § | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S
MOTION TO COMPEL**

On February 27, 2026, defendant Jose Francisco Garcia ("Garcia") moved to compel the United States to produce discovery.  (Docket No. 36.)  The Court then held a motion hearing on March 9, 2025.  (Docket No. 40.)  At this hearing, the Court requested that Garcia identify which documents the United States refused to disclose.  Garcia could not identify a single document: Rather, he alluded to a putative suppression motion and raised unsubstantiated allegations of Fourth Amendment violations.  Subsequently, the Court instructed Garcia to: (1) identify specific documents subject to the motion to compel, and (2) provide legal authority in support of his motion.

Garcia filed a memorandum on March 10, 2026.  (Docket No. 42.)  This memorandum reiterates requests for materials that the United States addressed before the motion hearing with counsel, and at the motion hearing with the Court.  Garcia seeks:

> (1) the names of agencies involved in the Joint Operation Group that arrested him, (2) identities of the agents or officers who participated in the arrest, (3) all video or audio recordings of the arrest, (4) all reports generated by the participating agencies concerning the arrest, (5) any communications between the arresting officers regarding the arrest, including text messages; and (6) any relevant memoranda or ICE policies governing warrantless arrests.

*Id*. at p. 3.  The United States adopts the arguments set forth in its response to the defendant's

1

motion to compel.  (Docket No. 39.)  The Court should deny Gracia's motion to compel for three reasons.

First, all reports regarding Garcia's arrest have been disclosed.  The United States produced the I-213 form, setting forth the circumstances of Garcia's arrest.  Questions posed by Garcia's counsel do not impose an obligation on the United States to generate additional discovery that does not exist.  *See, e.g.*, *United States v. Padilla-Galarza*, 990 F.3d 60, 79 (1st Cir. 2021). In fact, his requests for additional information "sound more like civil interrogatories under Civil Rule 33 than document requests under Rule 16(a)(1)(E)." *United States v. Cameron,* 672 F. Supp. 2d 133, 137 (D. Me. 2009) (denying the defendant's motion to compel discovery, noting that "the Court is unaware of any authority that would require the Government to manufacture a document in order to respond to a Rule 16(a)(1)(E) document request and, therefore, has interpreted the interrogatory-like demands as only asking for existing documents or existing tangible things); *see also United States v. Mahon*, Case No. 09-712, 2011 U.S. Dist. LEXIS 121768, at *8 (D. Ariz. Oct. 20, 2011) (rejecting the defendant's argument that the "government has an obligation to compile and disclose the information he seeks, even if it is not located in a document or tangible thing in the government's possession").  The United States is not aware of any audio or video recordings that memorialize Garcia's arrest.  Moreover, the United States has not identified communications between the agents regarding the arrest.  Accordingly, the motion to compel is moot.

Second, Garcia has failed to set forth a *prima facie* showing of "materiality."  *United States v, Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).  "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case."  *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975).  Garica does not specify how ICE policies regarding warrantless arrests and the use of force are "material to preparing the defense."  Fed. R. Crim. P.

16(a)(1)(E)(1).    He suspects that a Fourth Amendment violation occurred, offering only conclusory allegations in support of his motion to compel.  Speculation does not, however, satisfy the Rule 16 materiality requirement.  *See United States v. Ware*, Case No. 18-043, 2019 U.S. Dist. LEXIS 88417, at *6 (E.D. Tex. May 24, 2019) ("Both *Brady* and Rule 16 require the Government to produce, upon request, information 'material' to preparing a defense; the gravamen of materiality is more than 'mere speculation or allegations that the prosecution possesses exculpatory information.") (quoting *United States v. Jordan*, 316 F.3d 1215, 1252 n.81 (11th Cir. 2003)); *Ross,* 511 F.2d at 763 ("General descriptions of the materials sought and conclusory arguments as to their materiality have been rejected as insufficient under Rule 16(b).") (citation omitted).  Garcia's failure to articulate a *prima facia* showing of materiality is fatal to his motion to compel.

Third, Rule 16 does not mandate disclosure of evidence intended to bolster a defendant's motion to suppress.  Garcia "is seeking [information]" based on speculation that "there were additional constitutional violations during his arrest that *might* allow him to request a dismissal of the indictment and to suppress all evidence in light of the purpose of the exclusionary rule and the racial profiling to which he was subjected."  (Docket No. 42 at p. 4.) (emphasis added).  Reliance on a potential motion to suppress is misplaced, however, constituting an improper basis to compel discovery.[1]  Federal Rule of Criminal Procedure 16 ("Rule 16") requires the United States to disclose evidence that is "material to preparing a defense."  Fed. R. Crim. P. 16(a).  In *United States v. Armstrong*, the Supreme Court considered whether Rule 16 applied to discovery of evidence pertaining to a defendant's selective prosecution claim.  517 U.S. 456 (1996).  The *Armstrong* court held that it did not: "In the context of Rule 16, 'the defense' means on the merits

---

[1] In any event, the United States has produced all reports relating to Garcia's arrest.

3

to the criminal charge itself." *Id*. at 462. Evidence "which refute[s] the Government's arguments that the defendant committed the crime charged" concerns a "shield" defense, falling within the purview of Rule 16. *Id*. By contrast, a "sword" defense "[challenges] the prosecution's conduct of the case." *Id*. Simply put, Rule 16 does not encompass evidence relating to a "sword" defense. *Id*. at 463 ("We hold that [Rule 16] authorizes defendants to examine Government documents material to the preparation of their defense against the Government's case in chief, but not to the preparation of the selective-prosecution claims.").

Evidence purporting to substantiate a motion to suppress does not refute the illegal reentry offense charged in the indictment. Accordingly, Garcia is invoking a "sword" defense to compel the production of discovery. This request is foreclosed by *Armstrong* and its progeny. *See United States v. Hunt*, Case No. 11-441, 2013 U.S. Dist. LEXIS 136135, at *4 (E.D. Cal. Sept. 17, 2013) ("Defendant here seeks the FTA files to bolster his motion to suppress, which is the kind of 'sword' that does not entitle him to the discovery he seeks."); *United States v. Ambrose*, Case No, 2025 U.S. Dist. LEXIS 108772, at *20 (M.D. Fla. June 9, 2025) (denying a motion to compel, holding that the defendant's Fourth Amendment "argument is not meant to refute the Government's argument that he committed the crimes charged, but instead to suppress evidence of guilt based on the alleged unlawfulness of the collection methods. This is a prototypical sword, not a shield") (internal citation and quotation omitted); *United States v. Williams*, Case No. 22-008, 2023 U.S. Dist. LEXIS 26755, at *9 (M.D. Ga. Feb. 6, 2023) ("The Motion to Suppress, for which Defendant seeks to compel discovery, is a 'sword' defense outside the scope of Rule 16.").

4

Because Rule 16 is inapplicable, the Court should deny Garcia's motion to compel.  In addition, the United States has complied with its discovery obligations.  Thus, the motion to compel is moot.

      Respectfully submitted,

<div style="margin-left:50%">

JOHN G.E. MARCK
Acting United States Attorney

*/s/ Amanda Renee Alum*
Amanda Renee Alum
Assistant United States Attorneys
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 567-9333
Facsimile: (713) 718-3309

</div>

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Response to Defendant's Motion to Compel was on this 11th day of March, 2026, filed by ECF and served on attorney for the defendant via email.

*/s/ Amanda Renee Alum*
Amanda Renee Alum
Assistant United States Attorney